UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEFFREY RABIEA,

                Plaintiff,                MEMORANDUM AND ORDER

  -against-                        CV 08-0603 (LDW) (ARL)

FIRST NATIONAL BANK OF PENNSYLVANIA,

                Defendant.
----------------------------------------------------------------X
WEXLER, District Judge

       Plaintiff Jeffrey Rabiea brings this action (removed from New York state court based on diversity) against defendant First National Bank of Pennsylvania asserting various state law claims including breach of contract. Defendant moves to transfer venue under 28 U.S.C. § 1404(a). Plaintiff opposes the motion.

       Defendant maintains that for the convenience of witnesses and parties and in the interests of justice, this action should be transferred to the Western District of Pennsylvania. According to defendant, this action arises out of a lending relationship between defendant on the one hand and plaintiff and several Pennsylvania companies owned by plaintiff on the other. In this respect, plaintiff guaranteed various loans made by defendant to plaintiff's companies: Pennsak, Inc., Pennsak Acquisition Corporation, Midwest Leasing Corporation, and American Realty Corp.

       Plaintiff asserts that defendant's argument that this action arises out of the lending relationship is misleading. Rather, he argues, this action arises out of a forbearance agreement between himself and defendant, which agreement ended the lending relationship. According to plaintiff, the forbearance agreement was executed upon his decision to sell his businesses and liquidate his debt to defendant. The forbearance agreement purportedly provides for liquidation

of certain collateral and a distribution of assets between plaintiff and defendant once the balance reaches a certain level. Plaintiff claims that he learned that after defendant liquidated a portion of the collateral, defendant destroyed or disposed on the balance – the portion of which was to be distributed between defendant and plaintiff – in breach of the forbearance agreement. According to defendant, the forbearance agreement did not render "moot" the underlying loan documents and lending relationship between the parties. Moreover, according to defendant, plaintiff is neither a party to any of the loan agreements nor defined as a "Borrower" in the forbearance agreement. Plaintiff responds that upon the execution of the forbearance agreement, the "Borrowers" – his Pennsylvania companies – assigned to him their rights in the liquidated collateral. Nevertheless, according to defendant, the collateral at issue was located in Pennsylvania and the forbearance agreement provides that it is to be construed and enforced pursuant to Pennsylvania law.

Moreover, defendant maintains that its business, employees and material witnesses are located in Pennsylvania and Ohio. Plaintiff counters that he is a "small business person" whose resources pale in comparison to those of defendant – a national banking association. He contends that defendant will barely be inconvenienced by trying the action here, whereas he "may not be able to pursue" his claims if they are transferred to the Western District of Pennsylvania. He also maintains that he operated his Pennsylvania companies from his offices in Nassau County, New York, during the lending relationship. Plaintiff contends that this is a simple, straightforward matter, the resolution of which will not require many witnesses or documents. He suggests that discovery can be completed in 60 to 90 days with little inconvenience to defendant's witnesses, and that this Court can easily apply Pennsylvania law to

this simple breach of contract action. He also notes that, whereas the underlying loan documents provided for resolution of disputes in Pennsylvania, the forbearance agreement has no choice of venue provision.

In determining whether transfer will serve the convenience of witnesses and parties and the interests of justice, the court looks to several factors, including: (1) convenience of witnesses; (2) convenience of parties; (3) locus of operative facts; (4) availability of process to compel the attendance of unwilling witnesses; (5) location of relevant documents and other sources of proof; (6) relative means of the parties; (7) relative familiarity of the forum with the governing law; (8) weight accorded to the plaintiff's choice of forum; and (9) the interests of justice. In re Hanger Orthopedic Group. Inc. Sec. Litig., 418 F. Supp. 2d 164, 167-68 (E.D.N.Y. 2006). The court has broad discretion in making its transfer determination and "notions of convenience and fairness are considered on a case-by-case basis." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 107 (2d Cir. 2006).

Upon consideration of these factors, the Court grants the motion. It appears that the only significant connection to New York is plaintiff's residence, and that the underlying lending relationship and operative facts occurred largely in Pennsylvania, which law governs this action. Plaintiff's choice of forum is given reduced significance where, as here, the operative facts have little connection to the chosen forum – albeit one in which he resides. See Arrow Elecs. Inc. v. Ducommun Inc., 724 F. Supp. 264, 267 (S.D.N.Y. 1989). Moreover, although plaintiff relies on the disparity in the relative means of the parties, he does not disclose his level of resources. Rather, he indicates only that he "may not be able to pursue" his claims in the Western District of Pennsylvania, even though he also indicates that this is a simple, straightforward action

requiring for resolution relatively few witnesses and documents.  Given these circumstances, the Court concludes that a transfer to the Western District of Pennsylvania will serve the convenience of parties and witnesses and the interests of justice.

Accordingly, defendant's motion to transfer venue is granted.  The Clerk of Court is directed to transfer the file to the Western District of Pennsylvania and to close the file in this action.

SO ORDERED.

_____/s/_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June 26, 2008